The Honorable Robert Thompson State Senator 414 West Court Street Paragould, Arkansas 72450-4293
Dear Senator Thompson:
I am writing in response to your request for an opinion on whether a certain aspect of HB 1651, currently pending before the 86th General Assembly, is constitutional. Specifically, you recite the following background and questions:
 House Bill 1651 would set up a body of law which would create a license called a "Small Farm Winery License" which could be obtained by wineries which produced less than 250,000 gallons of wine yearly, whether such winery was located in the state or outside the state. One provision of the bill would create a retail license which presumably grocery stores, convenience stores or any other retail outlets could obtain, which would only allow the sale of wines produced by a licensed small farm winery. All other wines, both those produced by wineries of the same size which had not obtained the small farm winery license, as well as those produced by wineries which produced more than 250,000 gallons a year, would be excluded from these retail accounts. This body of law would be an exception to our primary laws which control the distribution and sale of alcoholic beverages and which require all wines to be sold for off-premises consumption by licensed retail package stores. I have several package stores in my district who are concerned about the effect of this bill, should it pass, on *Page 2 
their business. I have two questions I would respectfully request you to answer by written opinion:
 1) In light of the decisions of the U.S. Supreme Court in Granholm v. Heald and Baccus [sic] v. Diaz [sic], both commerce clause cases, and other cases involving equal protection and other constitutional issues, does the portion of HB1651 which would allow some wines, but not all wines, to be sold in the retail accounts created in the bill, meet constitutional requirements?
 2) The bill sets the threshold of a small winery at 250,000 gallons a year, a number many proponents of the bill readily admit was chosen to cover the largest winery in Arkansas. Does an arbitrary small winery threshold such as this meet the requirements of constitutional analysis as set out in Granholm and other applicable cases?
RESPONSE
I must respectfully decline to answer your questions in an official opinion in light of this Office's long-standing policy against rendering opinions on topics that are the subject of pending litigation. Judicial actions are currently pending in both state and federal court regarding the subject matter of your request. See Beau v. Moore, No. 405CV0009035WW (E.D. Ark. 2005), and Moon Distributors v. Moore,
CV-06-348 (Pulaski County Cir. 2006). See also, House Bill 1651 § 5 (Emergency clause) (stating in pertinent part that: "It is found and determined . . . that lawsuits are currently pending in both Federal Court for the Eastern District of Arkansas and Pulaski County Circuit Court regarding the constitutionality of the laws being amended by this subchapter. . . .")
Although those actions were originally filed challenging the current statutory scheme, and not pending House Bill 1651, proceedings in the state court litigation have been specifically stayed while the General Assembly adopts legislation addressing this issue. See Moon Distributorsv. Moore, supra, order staying state litigation, January 17, 2007, Ark. Ct. App. (per curiam). In addition, the federal litigation is currently stayed pending the outcome of the state litigation "in light of the possibility that the parties would return to federal court. . . ."See Beau v. *Page 3 Moore, supra, order staying federal litigation (September 28, 2006 at 4), U.S. Dist. Ct. As a consequence, the litigation may resume or be re-initiated with the provisions of any new legislation placed squarely at issue. Similar action has occurred in a number of other states.See, e.g., Brooks v. Vassar, 462 F.3d 341 (4th Cir. 2006); Cherry Hill Vineyards v. Hudgins, ___ F.Supp.2d ___,2006 WL 3791986
(W.D. Ky. 2006); Action Wholesale Liquors v. Oklahoma AlcoholicBeverage Laws Enforcement Commission, 463 F.Supp.2d 1294 (W.D. Okla. 2006); Hurley v. Minner, ___ F.Supp.2d ___, WL 2789164 (D.Del. 2006); and Costco Wholesale Corporation v. Hoen, 407 F.Supp.2d 1247 (W.D. Wash. 2005).
This office has long observed a policy of declining to address issues that are the subject of pending litigation. See, e.g., Op. Att'y Gen. Nos. 2006-204; 2006-198; 2006-170; 2006-134; 2006-128; 2006-047; 2006-019; 2006-013; 2003-182; 2003-032; 2002-302; 99-389; 97-329; 97-105. Any opinion issued from my office would constitute executive comment on matters that are properly before a judicial body. Accordingly, I must respectfully decline to address your questions at this time.
Sincerely,
DUSTIN McDANIEL Attorney General *Page 1